# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MINGBO CAI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SWITCH, INC., *et al.*,<br><br>Defendants. | 2:18-cv-01471-JCM-VCF<br>**ORDER**<br><br>MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL [ECF NO. 15] |

Before the Court is Oscar Farach's Motion for Appointment as Lead Plaintiff and Approval of Counsel. (ECF No. 15). For the reasons stated below, Farach's motion is granted.

## BACKGROUND

On June 11, 2018, Plaintiff Mingbo Cai filed this class action complaint in the United States District Court for the District of New Jersey. (ECF No. 1). The case has now been transferred to this District. (ECF No. 13). The complaint alleges that Defendants violated several Securities Act provisions. (*Id.* at 32-37). On the same day as the complaint was filed, Cai's counsel published a notice regarding the class action on Business Wire. (ECF No. 15 at 3).

On August 10, 2018, Farach filed a motion for appointment as lead plaintiff in this case and for approval of counsel. (ECF No. 15). Farach argues that he is the presumptive most adequate plaintiff, and no other potential lead plaintiffs can rebut the presumption in Farach's favor. (*Id.* at 3-7; ECF No. 23 at 2-4). Farach also asserts that his choice of counsel, Glancy Prongay & Murray LLP as Lead Counsel and Muehlbauer Law Office, Ltd. as Liaison Counsel, is qualified to handle the case and should be approved.

1

(ECF No. 15 at 7). Two other motions for appointment as lead counsel were filed (ECF Nos. 16, 19), but they have since been withdrawn (ECF Nos. 22, 24).

## ANALYSIS

In appointing a lead plaintiff in securities class action litigation,

> the court shall adopt a presumption that the most adequate plaintiff…is the person or group of persons that--
>
> **(aa)** has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> **(bb)** in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> **(cc)** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). The presumption may be rebutted if a member of the purported class submits proof that the presumptively most adequate plaintiff will not adequately protect the interests of the class or in incapable of representing the class due to unique defenses available against him or her. *Id.* "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

Farach is the presumptively most adequate plaintiff in this case. He filed a timely motion in response to the notice published on Business Wire. (ECF No. 15). Of the three individuals or entities that submitted motions for appointment as lead counsel, Farach demonstrated the largest financial interest in the case. (ECF No. 23 at 3). Farach satisfied the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the class and he is an adequate representative of the class. (ECF No. 15 at 6-7). In addition, Farach's choice of counsel appears to be well-suited to the needs of the case. (*Id.* at 7). No other purported class members have disputed Farach's ability to serve as lead plaintiff in this case.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Oscar Farach's Motion for Appointment as Lead Plaintiff and Approval of Counsel (ECF No. 15) is GRANTED.

DATED this 6th day of September, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE