1  Todd L. Bice, Esq.                          Michele D. Johnson
   Bar No. 4534                                (Admitted *Pro Hac Vice*)
2  TLB@pisanellibice.com                       michele.johnson@lw.com
   Ava M. Schaefer, Esq.                       Andrew R. Gray
3  Bar No. 12698                               (Admitted *Pro Hac Vice*)
   AMS@pisanellibice.com                       andrew.gray@lw.com
4  PISANELLI BICE PLLC                         LATHAM & WATKINS LLP
   400 South 7th Street, Suite 300             650 Town Center Dr.
5  Las Vegas, NV 89101                         Costa Mesa, CA  92626
   Telephone:   702.214.2100                   Telephone:   714.540.1235
6
   Joshua G. Hamilton
7  (Admitted *Pro Hac Vice*)
   joshua.hamilton@lw.com
8  LATHAM & WATKINS LLP
   10250 Constellation Blvd., Suite 1100
9  Los Angeles, CA  90067
   Telephone:   424.653.5500
10
   *Attorneys for Switch, Inc., Rob Roy,*
11 *Gabe Nacht, Zareh Sarrafian,*
   *Donald Snyder, Tom Thomas, and*
12 *Bryan Wolf*

13 [Additional counsel listed on signature page]

14                    **UNITED STATES DISTRICT COURT**

15                        **DISTRICT OF NEVADA**

16 MINGBO CAI, Individually and On Behalf of    Case No. 2:18-cv-01471-JCM-VCF
   All Others Similarly Situated,
17                                              CLASS ACTION
                            Plaintiff,
18 vs.                                          **JOINT RULE 26(f) REPORT**

19 SWITCH, INC., *et al.*,
                                                **SPECIAL SCHEDULING REVIEW**
20                          Defendants.         **REQUESTED**

21

22

23

24

25

26

27

28

1    Pursuant to Federal Rule of Civil Procedure Rule 26(f) and Local Civil Rule 26-1, counsel

2  for Lead Plaintiff Oscar Farach ("Plaintiff") and counsel for Defendants Switch, Inc. ("Switch"),

3  Rob Roy, Gabe Nacht, Zareh Sarrafian, Donald Snyder, Tom Thomas, and Bryan Wolf,

4  (collectively, the "Switch Defendants"), and Defendants Goldman Sachs & Co. LLC, J.P. Morgan

5  Securities LLC, BMO Capital Markets Corp., Wells Fargo Securities, LLC, Citigroup Global

6  Markets, Inc., Credit Suisse Securities, Jefferies LLC, BTIG, LLC, Raymond James & Associates,

7  Inc., Stifel, Nicolas & Company, Inc., and William Blair & Company, LLC (collectively, the

8  "Underwriter Defendants") held a telephonic conference on September 4, 2019, regarding the

9  matters identified herein, and respectfully submit this joint report and discovery plan.  Because the

10  parties do not anticipate completion of discovery within 180 days of the date upon which the

11  Answers to the Amended Class Action Complaint were filed, the parties seek "special scheduling

12  review" pursuant to L.R. 26-1(d).  *See also* Fed. R. Civ. P. 26(f)(3)(E) (requiring identification of

13  "what changes should be made in the limitations on discovery imposed under these rules or by

14  local rule, and what other limitations should be imposed").  The parties submit that a discovery

15  period of more than 180 days is necessary due to the large number of parties, complexity of issues,

16  expected class certification motion practice, and length of the relevant time period at issue.  As set

17  forth below, the parties propose that they complete fact discovery by September 11, 2020, which

18  is 380 days from the date the Defendants filed their answers.

19  **I.    PROPOSED SCHEDULE**

20    The following chart reflects the parties' proposed schedule.

| Action | Date |
|---|---|
| Defendants' Answer | August 28, 2019 |
| Exchange of Initial Disclosures | September 18, 2019 |
| Motion for Class Certification | February 14, 2020 |
| Substantial Completion of Document Production | March 31, 2020 |
| Opposition to Motion for Class Certification | April 13, 2020 |
| Reply in Support of Motion for Class Certification | May 27, 2020 |

| Action | Date |
|---|---|
| Deadline to Amend Pleadings, or Join Parties | June 12, 2020 |
| Deadline for Service of Written Discovery | July 15, 2020 |
| Deadline for Discovery Motions | September 4, 2020 |
| Fact Discovery Cutoff | September 11, 2020 |
| Expert Disclosures | October 12, 2020 |
| Interim Status Report (LR 26-3) | October 12, 2020 |
| Rebuttal Expert Disclosures | November 23, 2020 |
| Expert Discovery Cutoff | December 31, 2020 |
| Dispositive Motion(s) Deadline | January 29, 2021 |
| Opposition(s) to Dispositive Motion(s) | March 10, 2021 |
| Reply in Support of Dispositive Motion(s) | April 29, 2021 |
| Pretrial Order | 30 Days After Dispositive Motions Deadline or Resolution of Dispositive Motions, Whichever is Later |

## II.    DISCOVERY PLAN

### A.    Initial Disclosures

Today the parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26.  The parties do not propose any changes to the form or requirement for disclosures under Rule 26(a) at this time.

### B.    Scope of Discovery

The parties currently anticipate that discovery will be needed on a number of issues.  The parties believe that it is impractical to list all the principal issues of fact on which discovery will be needed other than to explain generally that the parties will need factual discovery related to class certification; Plaintiff's claims; any damages that flow from such claims; and any defenses pled in Defendants' Answers.

1   Given the above, the parties agree that a discovery schedule departing from
2   Local Rule 26-1(b) is necessary in this case.  The parties submit that a discovery period of more
3   than 180 days is necessary due to the large number of parties, complexity of issues, class
4   certification issues, and length of the relevant time period.  Specifically, the parties anticipate that
5   document discovery from Switch, the individual Defendants, the Underwriter Defendants, and
6   third parties will be extensive and require a significant amount of time for review, collection, and
7   production.  After the initial acquisition and review of these documents, the parties will need
8   additional time to review and analyze these documents prior to conducting depositions.  In
9   addition, several third-party witnesses reside out of state and coordination with these witnesses is
10  likely to be time consuming.  Further, expert discovery will cover complex economic and technical
11  issues.  The parties have agreed to conduct expert discovery following the completion of fact
12  discovery (unless and to the extent necessary for the Class Certification motion, subject to the
13  stipulation of the parties or order of the Court).

14  Although the length of time for fact discovery proposed by the parties exceeds the standard
15  180 days provided by Local Rule 26-1(b), based on their experience in other similar cases the
16  parties believe the proposed schedule is a realistic estimate of how long fact discovery will take.
17  The proposed schedule also provides a timeline for class certification briefing and discovery
18  relating thereto.

19  **C.      Fact Discovery Cut-Off Date**

20  The parties propose to complete fact discovery by September 11, 2020, which is 380 days
21  from the date the Defendants filed their answer.  As set forth in Section II(G) below, the parties
22  request that expert witness disclosure and discovery proceed after the completion of fact discovery.

23  **D.      Written Discovery**

24  The parties' position is that, at this time, no modifications are necessary to the limits on
25  written discovery set forth in Federal Rules of Civil Procedure 33, 34, and 36.  As permitted by
26  the Federal Rules of Civil Procedure, additional interrogatories may be granted by further order of
27  this Court or by stipulation.

28

### E.     Depositions

**Plaintiff's Position**

Plaintiff proposes a maximum of thirty (30) fact depositions per side, without prejudice to any party's right to seek additional depositions or a protective order with respect to specific depositions if necessary.   Plaintiff believes that this securities class action, which involves allegations of negligently prepared offering materials in an initial public offering of well more than $500 million, and implicates Switch's operations, management, and customers, as well as the underwriting and due diligence process for the offering, presents numerous factual complexities warranting substantially more than the ten (10) depositions proposed by Defendants.   Although this action is in the early stages and Plaintiff has not yet had an opportunity to identify all of the likely witnesses they will want to depose, Plaintiff is already able to identify both a significant number of specific individuals and categories of witnesses whose testimony is likely to be necessary, including, *inter alia*:

- The seven (7) Switch Defendants in the litigation, including the six individual Switch Defendants, who include the Company's CEO and other officers and directors, and Switch itself, as to whom Plaintiff will likely seek a Rule 30(b)(6) deposition;

- The eleven (11) Underwriter Defendants, who profited millions of dollars from the IPO and purportedly conducted the due diligence on the offering;

- Members of the Company's executive management team and other employees who were involved in the decision to implement a new sales strategy that focused on selling hybrid cloud solutions;

- Employees who were involved in or implemented Switch's new sales strategy that focused on selling hybrid cloud solutions;

- Third party customers for which Switch attempted to sell hybrid cloud solutions prior to or around the time of IPO; and

- Analysts who covered the Company and its roadshow presentations, several of whom were cited or referenced in Amended Complaint, including, *inter alia*, Cowen and Company, LLC (¶50), Jeffries (¶54), and BTIG (¶54).

1    Plaintiff prepared this witness list before receiving Defendants' initial disclosures,

2    corporate organizational charts, or any other discovery.  As discovery proceeds, Plaintiff believes

3    he will identify additional witnesses. While the parties could set a lower deposition limit and seek

4    the Court's modification of the deposition limit at a later time, Plaintiff believes it would be better

5    to start with a realistic target so that multiple requests for modifications of the limit are

6    unnecessary.

7    **Defendants' Position**

8    Defendants' position is that there is no showing of good cause at this time to allow more

9    than 10 fact witness depositions per side and certainly no justification for 30 fact witness

10   depositions per side.  The Switch Defendants do not believe that each individual defendant has

11   non-duplicative knowledge relevant to the parties' claims or defenses, and there are a limited

12   number of other percipient witnesses.  The Underwriter Defendants similarly believe that the

13   Plaintiff need only take the deposition of a representative of the lead Underwriter Defendants, and

14   additional depositions would be duplicative and unnecessary.  The parties can meet and confer to

15   determine whether additional depositions are necessary as the case progresses, and any party may

16   seek to expand the number by stipulation or order of the Court if necessary.  Plaintiff has not and

17   cannot provide any justification for its request to triple the number of depositions permitted by the

18   Federal Rules of Civil Procedure, beyond naming multiple parties as Defendants.  That Plaintiff

19   has named numerous Defendants does not mean those individuals have knowledge relevant to

20   Plaintiff's claims or that deposing each of those individuals would not be duplicative and unduly

21   burdensome.  Rather, Plaintiff's unjustified and premature request to expand the scope of

22   discovery suggests that Plaintiff is seeking to engage in a fishing expedition and leverage the

23   incredible expense of potential discovery to force an otherwise unwarranted settlement—a practice

24   the Private Securities Litigation Reform Act was intended to prevent.  Even if that is not Plaintiff's

25   intent, permitting Plaintiff to drastically expand the limits set by the Federal Rules of Civil

26   Procedure before any discovery has been conducted would incentivize unduly burdensome or

27   duplicative discovery in the form of numerous unnecessary depositions.

28

**F.     Electronically Stored Information ("ESI") and Confidentiality**

The parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.  The parties believe that a stipulated protective order should be entered to govern the exchange of confidential information and the protocol concerning discovery of ESI and in this case.  The parties agree to meet and confer to reach an agreement on the scope of a proposed stipulated protective order and a protocol concerning the discovery of ESI.  The Parties will submit a proposed protective order and ESI protocol to the Court once an agreement has been reached.

**G.     Expert Disclosures**

The parties request that the deadlines for expert disclosures and their respective rebuttals be due after the completion of fact discovery, to permit experts to have a fuller understanding of discovery prior to formulating and exchanging opinions.  The parties agree that expert witness disclosure and discovery shall proceed as follows:

On or before October 12, 2020, the parties shall designate experts and provide the information required by Federal Rule 26(a)(2) (including any reports) on any matter, including any claim(s) or defense(s), for which they bear the initial burden of proof.

On or before November 23, 2020, the parties shall designate any rebuttal experts and provide the information required by Federal Rule 26(a)(2) (including any reports) in rebuttal.

Expert discovery, including the depositions of any experts, shall be completed on or before December 31, 2020.

**H.     Motion Schedule**

Plaintiff anticipates filing a motion for class certification.  Plaintiff may also move for summary judgment or partial summary judgment under Rule 56.

Defendants anticipate opposing any motion for class certification.   Defendants also anticipate moving for judgment on the pleadings under Rule 12(c), summary judgment, or partial summary judgment under Rule 56.

The proposed cut-off dates by which motions must be filed are set forth above.

## III.    OTHER ITEMS

### A.    Alternative Dispute Resolution

The parties certify that they have conferred, but are not currently engaged in any form of Alternate Dispute Resolution.

### B.    Alternative Forms of Case Disposition

The parties certify that they considered consenting to trial by a magistrate judge under 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the use of the Short Trial Program, and do not consent to proceed under § 636(c).

### C.    Electronic Evidence

Pursuant to Local Rule 26-1(b)(9), the parties certify that they agree to provide evidence in an electronic format compatible with the Court's electronic jury evidence display system at trial.

Dated:  September 18, 2019        PISANELLI BICE PLLC

By:  /s/  Todd L. Bice
Todd L. Bice, Esq., Bar No. 4534
Ava M. Schaefer, Esq., Bar No. 12698
400 South 7th Street, Suite 300
Las Vegas, NV 89101

Michele D. Johnson (Admitted *Pro Hac Vice*)
Andrew R. Gray (Admitted *Pro Hac Vice*)
LATHAM & WATKINS LLP
650 Town Center Dr.
Costa Mesa, CA  92626

Joshua G. Hamilton (Admitted *Pro Hac Vice*)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067

*Attorneys for Defendants Switch, Inc., Rob Roy, Gabriel Nacht, Zareh Sarrafian, Donald Snyder, Tom Thomas, and Bryan Wolf*

Dated:  September 18, 2019        GLANCY PRONGAY & MURRAY LLP

By:  /s/  Casey E. Sadler
Lionel Z. Glancy (Admitted *Pro Hac Vice*)
Robert V. Prongay (Admitted *Pro Hac Vice*)
Casey E. Sadler (Admitted *Pro Hac Vice*)
Lesley F. Portnoy (Admitted *Pro Hac Vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: lglancy@glancylaw.com
rprongay@glancylaw.com
csadler@glancylaw.com
lportnoy@glancylaw.com

*Lead Counsel for Lead Plaintiff*

MUEHLBAUER LAW OFFICE, LTD.
Andrew R. Muehlbauer, Esq.
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone.: (702) 330-4505
Facsimile: (702) 825-0141
Email: Andrew@mlolegal.com

*Liaison Counsel for Lead Plaintiff*

Dated:  September 18, 2019      GREENBERG TRAURIG LLP

By:  /s/ Daniel J. Tyukody
Mark E. Ferrario, Bar No. 1625
Christopher R. Miltenberger, Bar No. 10153
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

Greenberg Traurig LLP
Daniel J. Tyukody (Admitted *Pro Hac Vice*)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121

*Attorneys for Defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, BMO Capital Markets Corp., Wells Fargo Securities, LLC, Citigroup Global Markets Inc., Credit Suisse Securities, Jefferies LLC, BTIG, LLC, Raymond James & Associates, Inc., Stifel, Nicolaus & Company, Inc., and William Blair & Company, LLC*

**<u>ORDER</u>**

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____

1

## CERTIFICATE OF SERVICE

2    I HEREBY CERTIFY that I am an employee of PISANELLI BICE PLLC and that, on this

3    18th day of September 2019, I caused to be served a true and correct copy of the above and

4    foregoing **JOINT RULE 26(f) REPORT** to the following:

5    **VIA THE COURT'S CM/ECF ELECTRONIC SERVICE SYSTEM:**

6    Laurence M. Rosen                         Andrew R. Muehlbauer, Esq.
     THE ROSEN LAW FIRM, P.A.                   MUEHLBAUER LAW OFFICE, LTD.
     609 W. South Orange Ave., Suite 2P         7915 West Sahara Ave., Suite 104
7    South Orange, NJ  07079                    Las Vegas, NV  89117

8    *Counsel for Plaintiff Mingbo Cai*         *Counsel for Oscar Farach*

9    Lionel Z. Glancy                           Laurence M. Rosen, Esq.
     Robert V. Prongay                          Phillip Kim, Esq.
10   Lesley F. Portnoy                          THE ROSEN LAW FIRM, P.A.
     Casey E. Sadler                            275 Madison Ave., 34th Floor
11   Glancy Prongay & Murray LLP                New York, NY  10016
     1925 Century Park East, Suite 2100
12   Los Angeles, CA  90067                     *Counsel for Donald Powell and Thomas Moore*

13   *Counsel for Oscar Farach*

14   Mark E. Ferrario, Esq.                     Arthur C. Leahy
     Christopher R. Miltenberger Esq.           James I Jaconette
15   GREENBERG TRAURIG, LLP                     Brian O. O'Mara
     10845 Griffith Peak Drive, Suite 600       Danielle S. Myers
16   Las Vegas, NV  89135                       Matthew I. Alpert
                                                Michael Albert
17   Daniel J. Tyukody, Esq.                    Robbins Geller Rudman & Dowd LLP
     GREENBERG TRAURIG, LLP                     655 West Broadway, Suite 1900
18   1840 Century Park East, Suite 1900         San Diego, CA  92101
     Los Angeles, CA  90067-2121
19                                              *Counsel for Kissimmee Utility Authority*
     *Attorneys for Goldman Sachs & Co. LLC,*   *Employees' Retirement Plan*
20   *JP. Morgan Securities LLC, BMO Capital*
     *Markets Corp., Wells Fargo Securities, LLC,*
21   *Citigroup Global Markets Inc., Credit Suisse*
     *Securities, Jefferies LLC, BTIG, LLC, Raymond*
22   *James & Associates, Inc., Stifel, Nicolaus &*
     *Company, Inc., and William Blair & Company,*
23   *L.L.C.*

24

25

26

27

28

1   **<u>VIA U.S. MAIL:</u>**

2   David C. O'Mara                         Jeremy A. Leiberman
    THE O'MARA LAW FIRM, P.C.              J. Alexander Hood II
3   311 East Liberty Street                POMERANTZ LLP
    Reno, NV  89501                        600 Third Avenue, 20th Floor
4                                          New York, NY  10016
    Scott Christiansen
5   CHRISTIANSEN & DEHNER, P.A.            Patrick V. Dahlstrom
    63 Sarasota Center Blvd., Suite 107    POMERANTZ LLP
6   Sarasota, FL  34240                    Ten South La Salle Street, Suite 3505
                                           Chicago, IL  60603
7   *Counsel for Kissimmee Utility Authority*
    *Employees' Retirement Plan*           *Counsel for Donald Powell and Thomas Moore*
8
    Patrick R. Leverty, Esq.
9   LEVERTY & ASSOCIATES LAW CHTD.
    Reno Gould House
10  832 Willow Street
    Reno, NV  89502
11
    *Counsel for Donald Powell and Thomas Moore*
12

13

14                                          _____
                                            /s/  Cinda Towne
15                                          An employee of PISANELLI BICE PLLC

16

17

18

19

20

21

22

23

24

25

26

27

28