ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
andrew@mlolegal.com

*Liaison Counsel for Lead Plaintiff and the Class*
*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MINGBO CAI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SWITCH, INC., ROB ROY, GABE NACHT, ZAREH SARRAFIAN, DONALD SNYDER, TOM THOMAS, BRYAN WOLF, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BMO CAPITAL MARKETS CORP., WELLS FARGO SECURITIES, LLC, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES, JEFFERIES LLC, BTIG, LLC, RAYMOND JAMES & ASSOCIATES, INC., STIFEL, NICOLAUS & COMPANY, INC. and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendants | Case No. 2:18-cv-01471-JCM-VCF<br><br>**STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION, EXCHANGE, AND FILING OF CONFIDENTIAL MATERIAL**<br><br>[Discovery Matter Referred to Magistrate Judge Cam Ferenbach] |

1. **PURPOSES AND LIMITATIONS**

Discovery in this Action (as defined below) is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is likely warranted. Additionally, nearly all of information to be produced will be produced by Switch. Unauthorized disclosure, duplication, and/or digital proliferation of Switch's information stands to cause harm and/or increase the risk of espionage, terrorism, and sabotage or cyber-attack; not only for Switch but also for its customers and vendors. Such confidential and proprietary materials and information consist of, among other things, technical details related to services (e.g. IP addresses, service addresses, points of service, etc.), confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), or information otherwise generally unavailable to the public. Accordingly, Lead Plaintiff Oscar Farach ("Plaintiff") and Defendants Switch Inc., Rob Roy, Gabe Nacht, Zareh Sarrafian, Donald Snyder, Tom Thomas, Bryan Wolf, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, BMO Capital Markets Corp., Wells Fargo Securities LLC, Citigroup Global Markets Corp., Credit Suisse Securities, Jefferies LLC, BTIG, LLC, Raymond James & Associates, Inc., Stifel, Nicolaus & Company, Inc., and William Blair & Company, LLC (collectively, "Defendants," and together with Plaintiff, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3 below, that this Order does not entitle them to file confidential information under seal without Court Approval. Local Rule 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2. GOOD CAUSE STATEMENT**

This Action is likely to involve financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, personal identity information, confidential business or financial information, technical information, regarding highly sensitive customer information, mission critical services, confidential business practices, and/or other confidential commercial information (including information implicating privacy rights of third parties), or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, a protective order for such information is justified in this matter to: (1) expedite the flow of information, (2) facilitate the prompt resolution of disputes over confidentiality of discovery materials, (3) adequately protect information the Parties are entitled to keep confidential, including information of a personal, confidential, or sensitive nature regarding any individual and to mitigate digital proliferation and the corresponding risk of sabotage, espionage, terrorism, or cyber-attack, (4) ensure that the Parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial, (5) address their handling at the end of the litigation, and (6) serve the ends of justice. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. DEFINITIONS**

3.1 <u>Action</u>: *Mingbo Cai v. Switch Inc., et al.*, Case No. 2:18-cv-01471-JCM-VCF (D. Nev.)

3.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

3.3

    (a) <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it

is generated, stored or maintained or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c, and as specified above in the Good Cause Statement. Information or documents that are available to the public may not be designated as Confidential Information.

(b "HIGHLY CONFIDENTIAL INFORMATION": includes any Party's confidential information such as passwords, technical design specifications, equipment serial numbers, equipment model numbers, Sector numbers, cage number, IP addresses, social security numbers, and account numbers. By way of example, Switch has attached, as **Exhibit B**, a copy of the various data that merit a "Highly Confidential Information" designation for Switch. The Parties agree that the producing Party may produce the Highly Confidential Information after narrowly redacting such information, subject to the receiving Party's right to challenge the redaction. To the extent a party challenges another Party's redaction and the Court orders disclosure, the parties will work in good faith to agree on the handling of such Highly Confidential Information.

3.4 Counsel: (1 attorneys who have been retained to represent or advise a Party to this Action and who have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, or have otherwise advised a Party to this Action in connection with the Action, including support staff; (2 attorneys who are employees of a Party to this Action; and/or (3 attorneys representing an insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal personnel.

3.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things, that are produced or generated in disclosures or responses to discovery in this matter.

3.7 Expert: a person with specialized knowledge or experience in a matter pertinent to

the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Action.

3.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.9 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs. For the avoidance of doubt, no putative class member other than a named plaintiff in the above-captioned litigation constitutes a Party to this Action, and no putative class member other than a named plaintiff may be given access to Protected Material.

3.10 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.11 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, transcribing, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium or their employees and subcontractors.

3.12 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

3.13 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.14 <u>Support Staff</u>: legal affiliates, including but not limited to paralegals, investigative, technical, secretarial, clerical, assistants, vendors, and other personnel who are engaged in assisting Counsel.

**4. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the Court. This Order does not govern the use of Protected Material at trial.

## 5. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect unless a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

6.1 <u>Initial Review of Highly Confidential Documents</u>: To reduce the risk of proliferation of Switch's Highly Confidential material and the burden of redacting Highly Confidential Material for documents of minimal relevance, and prevent unnecessary duplication, or digital proliferation of the information, documents designated as Highly Confidential by Switch shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, prior to reproduction. The Highly Confidential documents shall be made available for inspection in a Tier 5 Platinum data center facility, on a secure computer (or computers) in a secure room without Internet access or network access to other computers, and Plaintiff will not copy, remove, or otherwise transfer any portion of Highly Confidential documents. Based on this review, Counsel for Plaintiff may then identify documents containing Highly Confidential Material that have sufficient relevance to warrant redaction and production. Switch shall subsequently duplicate requested documents with all Highly Confidential content redacted.

Switch will update Plaintiff regarding the number of documents designated as Highly Confidential with each rolling production. If Plaintiff believes the quantity of documents renders the above process for initial review unduly burdensome, the parties shall meet and confer in good faith, or Plaintiff reserves the right to raise the issue with the Court.

6.2 **Exercise of Restraint and Care in Designating Material for Protection**: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, then the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.3 **Manner and Timing of Designations**: Except as otherwise provided in this Order (*see, e.g.*, Sec. 6.2(b below, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" ("CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL" ("HIGHLY CONFIDENTIAL legend") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

b) A Party or Non-Party that produces documents for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like duplicated and reviewed for redaction. During the inspection and before the designation, all of the material produced for inspection shall be deemed at least "CONFIDENTIAL." After the inspecting Party has identified the produced documents it wants

duplicated and reviewed for redaction, the Producing Party must determine which produced documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s (*e.g.*, by making appropriate markings in the margins.

      c      For testimony given in depositions, the Designating Party may identify any Disclosure or Discovery Material on the record, before the close of the deposition, as protected testimony. In addition, any Party or Non-Party that sponsors, offers, or gives deposition testimony has up to thirty (30 days after the receipt of the written transcript to identify specific portions of the testimony as to which "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" protection is sought. The entire transcript of any deposition will be treated as if designated "CONFIDENTIAL" until this thirty (30 day period has elapsed. Only those portions of the testimony that are properly designated for protection within thirty (30 days shall be covered by the provisions of this Order.

      d      The court reporter must affix on each page containing Protected Material the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

      e      For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s.

6.4    <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material; provided, however, that a failure to serve a timely notice of designation of deposition testimony as required by this Order, even if

inadvertent, waives any protection for deposition testimony. If a Party designates a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated "CONFIDENTIAL" Information, even where the failure to so designate was inadvertent and where the material is subsequently designated "CONFIDENTIAL" Information.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed.

7.2     <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to meet and confer and resolve each challenge in good faith and must begin the process by conferring directly within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet

and confer process in a timely manner.

      7.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file a discovery motion pursuant to L.R. 26-7 to retain the confidentiality of the challenged information or for other appropriate relief. Each such motion must be accompanied by a competent declaration affirming that the movant has complied, or attempted to comply, with its meet and confer requirements imposed in the preceding paragraph. Alternatively, should the Designating Party believe it is necessary, the Party may apply for emergency relief no later than 14 days after the parties agree that the meet and confer process will not resolve their dispute. Failure by the Designating Party to make such a motion or emergency motion within the time frame designated in this paragraph shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Each such motion must be accompanied by a competent declaration affirming that the movant has complied, or attempted to comply, with its meet and confer requirements imposed in the preceding paragraph.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

      8.1    <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      8.2    <u>Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only to:

    a) Counsel for the Parties and employees (independent contractors) of counsel who have responsibility for the Action;

    b) the Parties, and officers, directors, or employees of the Receiving Party but only to the extent counsel determines in good faith that the officer, director, or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    c) the Counsel representing insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal team;

    d) Experts (as defined in this Order), consultants, and/or investigators employed by the Parties or Counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**;

    e) the Court and its personnel;

    f) a court of competent jurisdiction in a proceeding by a Party or non-Party in connection with this Action (*e.g.*, in connection with a subpoena or similar discovery request made to obtain discovery material for use in this Action), provided that the Disclosing Party submits the same under seal;

    g) court reporters and their staff engaged for depositions;

    h) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed **Exhibit A**;

    i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign **Exhibit A**; and (2) they will not be permitted to keep any Protected Material

unless they sign **Exhibit A**, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

   k) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

   l) other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

  Prior to the use of any Protected Material at a hearing to be held in open court, Counsel who desires to use such Protected Material shall take reasonable steps to afford Counsel for the Designating Party a reasonable opportunity to object to the disclosure in open court of such Protected Material.

  Unless otherwise permitted by statute, rule, or prior Court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures. The party filing the papers bears the burden of overcoming the presumption in favor of public access to papers filed in court only with respect to the Protected Material included in the papers that the filing party designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If the party filing the papers includes Protected Material designated "CONFIDENTIAL" by another Party or Non-Party, the Designating Party shall bear the burden of overcoming said presumption in its brief filed in response to the filing party's motion to seal.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must: (a) promptly notify in writing the Designating Party and provide to the Designating Party a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the

subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, providing a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Party to whom the subpoena or document demand is directed shall not take any position concerning the propriety of such subpoena or document demand or the discoverability of the information sought that is adverse to the Designating Party should the Designating Party oppose the request for production of such documents or information. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or to take steps to protect Protected Material from disclosure other than what is stated herein.

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request in this Action, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      a)       promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      b)       promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      c)       make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve (if possible) all unauthorized copies of the Protected Material, (b) inform the person or persons to whom unauthorized disclosures were made of the inadvertent disclosure, and (c) if the Protected Material has been reviewed by an person not bound by this Order request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**).

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced Disclosure or Discovery Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

26(b)(5)(B). Pursuant to Federal Rules of Evidence 502(d) and (e), the Parties agree that the inadvertent disclosure or production of documents protected by the attorney-client privilege, work-product protection, or other privileges or protections will not constitute a waiver of the privilege or protection by the Designating Party in this Action or any other federal or state proceeding.

**13.    MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future**.**

13.2    <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3    <u>Filing Protected Material</u>: A Party that seeks to file under seal any Protected Material must comply with all of this Court's applicable local rules including L.R. 10-5.

13.4    <u>Party's Own Use</u>: This Order has no effect upon, and shall not apply to, the Parties' use of their own documents for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Protected Material that has been generated or obtained lawfully by that Party independently of these proceedings.

13.5    <u>Control of Documents</u>: Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the final disposition of these proceedings.

13.6    <u>All Disclosure or Discovery Material to be used only for this Action</u>: All Disclosure or Discovery Material, other than Disclosure or Discovery Material that is publicly available, must be used by the Receiving Party solely for the purpose of this Action.  Disclosure or Discovery Material produced to a Party or Parties, or their Counsel, shall not be used by any Party, or their Counsel, in any other litigation, or for any purpose other than the prosecution or defense of

1  this Action.  Neither Party may share any information produced hereunder with a third party not
2  explicitly authorized herein.

3      13.7    Transmission of notification by email to a Party's/Non-Party's Counsel is acceptable for all notification purposes within this Order. A Non-Party may designate an alternative representative for notification purposes if it is not represented by counsel.

6      13.8    This Order is for the sole purpose of facilitating discovery in the above-styled and numbered cause, and the content obtained under the protection of this Order may only be used for this case. It is expressly ordered that this Order will not in any manner be disclosed to the jury in the above-styled and numbered cause. It is further ordered that this Order will not be used in any manner or form (direct or indirect) as evidence in any trial or any hearing or be referred to in any trial or any hearing on the merits of the case, except in a hearing that involves issues related to the enforcement of any provision of this Order. It is further ordered that this provision is absolutely and completely essential to this Order and that this paragraph is not severable from any remaining paragraph or provision of this Order.

**14.    FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 5, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, provided that such counsel and employees of such counsel shall not disclose such material to any person, except pursuant to court order. No privileged material need be turned over even if it contains Protected Material, but must be destroyed. Each party may retain one archival copy and any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 5 above.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 5, 2020           GLANCY PRONGAY & MURRAY LLP

By: *s/ Leanne H. Solish*
Joshua L. Crowell, Esq.
Leanne H. Solish, Esq.
Stan Karas, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

*Lead Counsel for Lead Plaintiff and the Class*

MUEHLBAUER LAW OFFICE, LTD.
Andrew R. Muehlbauer, Esq.
7915 West Sahara Ave., Suite 104
Las Vegas, NV 89117

*Liaison Counsel for Lead Plaintiff and the Class*

Dated: February 5, 2020           LATHAM & WATKINS LLP

By: *s/ Andrew R. Gray*
Michele D. Johnson
Andrew R. Gray
650 Town Center Dr.
Costa Mesa, CA 92626

|   |   |   |
|---|---|---|
| 1 | | LATHAM & WATKINS LLP |
| 2 | | Joshua G. Hamilton<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90067 |
| 3 | | PISANELLI BICE PLLC |
| 4 | | Todd L. Bice, Esq., Bar No. 4534<br>Ava M. Schaefer, Esq., Bar No. 12698 |
| 5 | | 400 South 7th Street, Suite 300<br>Las Vegas, NV 89101 |
| 6 | | *Attorneys for Defendants Switch, Inc., Rob Roy, Gabe Nacht, Zareh Sarrafian, Donald Snyder, Tom Thomas, and Bryan Wolf* |
| 7 | | |
| 8 | | |
| 9 | Dated: February 5, 2020 | GREENBERG TRAURIG, LLP |
| 10 | | By: *s/ Daniel J. Tyukody*<br>Daniel J. Tyukody, Esq. |
| 11 | | 1840 Century Park East, Suite 1900<br>Los Angeles, Ca 90067-2121 |
| 12 | | GREENBERG TRAURIG, LLP |
| 13 | | Mark E. Ferrario, Esq. (Bar No. 1625)<br>Christopher R. Miltenberger (Bar No. 10153) |
| 14 | | 10845 Griffith Park Drive, Suite 600<br>Las Vegas, Nevada 89135 |
| 15 | | |
| 16 | | *Attorney For Defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, BMO Capital Markets Corp., Wells Fargo Securities, Llc, Citigroup Global Markets Inc., Credit Suisse Securities, Jefferies LLC, BTIG, LLC, Raymond James & Associates, Inc., Stifel, Nicolaus & Company, Inc., and William Blair & Company, L.L.C.* |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | FOR GOOD CAUSE SHOWN, IT IS SO ORDERED. | |
| 22 | | |
| 23 | DATED: 2-6-2020 | |
| 24 | | |
| 25 | | |
| 26 | *[signature]* | |
| 27 | Honorable Judge Cam Ferenbach<br>United States Magistrate Judge | |
| 28 | | |

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____ in the case of *Mingbo Cai v. Switch Inc., et al.*, Case No. 2:18-cv-01471-JCM-VCF (D. Nev.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

# EXHIBIT B

# SWITCH STANDARD REDACTION PROTOCOL

**Purpose** – Given the critical nature of data-center services, Switch is at a high risk for espionage, sabotage, or terrorism. This is private information that assailants would need to hack, break into, or disrupt services at Switch.

**Highly Confidential Information** - If a document is responsive, but it contains the following technical information, it is "Highly Confidential Information" and will be redacted as set forth below.

| Information | Redaction Action to Take |
| --- | --- |
| Username/Project name Passwords/Code Words | Redact all |
| Technical Design Specifications:<br>1. Cage numbers<br>2. Rack numbers<br>3. PDU numbers<br>4. Sector numbers<br>5. NAP numbers<br>6. Circuit numbers<br>7. Model numbers<br>8. ASN Numbers<br>9. Passwords / pass phrases<br>10. Customer code names for projects<br>11. Power usage levels (e.g. kwh/kw/kva/mwh/mw/mva) | Redact all technical details. |
| Equipment Model Numbers/Serial Numbers | Redact all numbers/letters (leave "Model/Serial Number" if possible) |
| IP Addresses | Redact all digits (leave "IP Address" if possible) |
| Social Security Numbers | Redact all 7 digits (leave "social security" if possible) |
| Physical Service Address (e.g. for carrier services) | Redact everything but leave City/State/Zip |
| Account Numbers | Redact all numbers/letters, however, if numbers(s)/letter(s) are necessary to identify different accounts, redact all but those number(s)/letter(s) necessary for identification |