**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MINGBO CAI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SWITCH, INC., ROB ROY, GABE NACHT, ZAREH SARRAFIAN, DONALD SNYDER, TOM THOMAS, BRYAN WOLF, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BMO CAPITAL MARKETS CORP., WELLS FARGO SECURITIES, LLC, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES, JEFFERIES LLC, BTIG, LLC, RAYMOND JAMES & ASSOCIATES, INC., STIFEL, NICHOLAUS & COMPANY, INC., and WILLIAM BLAIR & COMPANY, L.L.C.,<br><br>Defendant. | 2:18-cv-01471-JCM-VCF<br><br>**ORDER** |

For the reasons states below, Plaintiffs' Motion To: (1) Withdraw Oscar Farach As Lead Plaintiff, And To Withdraw Farach And Christian Avera As Proposed Class Representatives; And (2) Appoint Proposed Class Representative Donald Powell As Lead Plaintiff And To Add Proposed Class Representative Timothy Wylie As A Named Plaintiff (ECF No. 121) is denied without prejudice, and Switch Defendants' Motion To Stay Discovery And Plaintiff's Motions Relating To Class Certification Pending Resolution Of Motion For Judgment On The Pleadings (ECF No. 124) is granted.

**LEGAL STANDARD**

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that

the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. It needs no citation of authority to recognize that discovery is expensive. The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED.R.CIV.P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). The party seeking the protective order, however, has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." FED. R. CIV. P. 26(c)(1). Satisfying the "good cause" obligation is a challenging task. A party seeking "a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal.1990) (*citing Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975)).

Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *White v. Am. Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989) (*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982). Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate

would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

## DISCUSSION

Here, Switch Defendants have sufficiently established good cause for granting the stay of discovery until the Motion for Judgment on the Pleadings (ECF No. 106) has been decided. The stay would not result in any undue hardship to the Plaintiff as the Court has not yet decided on the proposed substitute representative. In Plaintiff's response, Plaintiff has consented to Defendants' request to stay this action pending resolution of the Motion for Judgment on the Pleadings. (ECF No. 131 at p. 5). Plaintiffs state "that an interim stay pending resolution of the Motion for Judgment on Pleading would contribute to the orderly prosecution of the action and thus serves the interests of the judicial economy." *Id.*

Switch Defendants' Motion to Stay is granted on the merits. After a "preliminary peek" and in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that the Motion for Judgment on the Pleadings (ECF NO. 106) has merit and may resolve all issues in controversy and demonstrate good cause to stay discovery.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Switch Defendants' Motion To Stay Discovery And Plaintiff's Motions Relating To Class Certification Pending Resolution Of Motion For Judgment On The Pleadings (ECF No. 124) is hereby GRANTED. In the event resolution of the Motion for Judgment on the Pleadings (ECF No.106) does not result in the disposition of this case, the parties must file a new joint discovery plan within 21 days of the issuance of the order resolving that motion.

IT IS FURTHER ORDERED that the Motion To: (1) Withdraw Oscar Farach As Lead Plaintiff, And To Withdraw Farach And Christian Avera As Proposed Class Representatives; And (2) Appoint Proposed Class Representative Donald Powell As Lead Plaintiff And To Add Proposed Class Representative Timothy Wylie As A Named Plaintiff (ECF No. 121) is DENIED without prejudice.

Plaintiff may refile the Motion To: (1) Withdraw Oscar Farach As Lead Plaintiff, And To Withdraw Farach And Christian Avera As Proposed Class Representatives; And (2) Appoint Proposed Class Representative Donald Powell As Lead Plaintiff And To Add Proposed Class Representative Timothy Wylie As A Named Plaintiff (ECF No. 121), if the Motion for Judgment on the Pleadings (ECF No.106) does not result in the disposition of this case.

IT IS FURTHER ORDERED that a status hearing is scheduled for 10:00 a.m., December 3, 2020, in courtroom 3D.

DATED this 29th day of April, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE